IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

HOLLY JULIAN,

       Appellant,

v.

BAY COUNTY DISTRICT
SCHOOL BOARD,

       Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-3072

_____/

Opinion filed April 14, 2016.

An appeal from the Circuit Court for Bay County.
Michael C. Overstreet, Judge.

Cecile M. Scoon of Peters & Scoon, Panama City, for Appellant.

Gwendolyn P. Adkins and Scott J. Seagle of Coppins Monroe Adkins & Dincman,
P.A., Tallahassee, for Appellee.

PER CURIAM.

       Appellant, Holly Julian, appeals the final summary judgment entered against

her and in favor of Appellee, the Bay County District School Board, on her

whistleblower (Count I) and negligent retention (Count II) claims, raising three issues. We affirm the summary judgment as to both counts and write only to address the disputed issue of whether Appellee created administrative procedures by "ordinance" under section 112.3187(8)(b), Florida Statutes (2011), through its adoption of a school board policy.

Section 112.3187(8)(b), Florida Statutes (2011), the "Remedies" portion of Florida's public-sector Whistleblower's Act, provides in pertinent part:

> Within 60 days after the action prohibited by this section, any local public employee protected by this section may file a complaint with the appropriate local governmental authority, if that authority has established by *ordinance* an administrative procedure for handling such complaints or has contracted with the Division of Administrative Hearings under s. 120.65 to conduct hearings under this section.

(Emphasis added.) The term "ordinance" is not defined in the statute, or anywhere else in the Act, and neither the parties nor we located any case law interpreting that term in the context of section 112.3187(8)(b). As such, we must look to the word's plain and ordinary meaning. See Dudley v. State, 139 So. 3d 273, 279 (Fla. 2014) ("'When considering the meaning of terms used in a statute, this Court looks first to the terms' ordinary definitions[, which] . . . may be derived from dictionaries.'") (Internal citation omitted); W. Fla. Reg'l Med. Ctr., Inc. v. See, 79 So. 3d 1, 9 (Fla. 2012). "Ordinance" is defined as "[a]n authoritative law or decree; specif., a municipal regulation, esp. one that forbids or restricts an activity." Black's Law Dictionary (10th ed. 2014); see also American Heritage Dictionary (5th ed. 2015)

2

(defining "ordinance" in part as "[a]n authoritative command or order" or "[a] statute or regulation, especially one enacted by a municipal government"); Merriam-Webster Dictionary (defining "ordinance" in part as "an authoritative decree or direction: order," "a law set forth by a governmental authority; *specifically*: a municipal regulation," or "prescribed usage, practice, or ceremony").

In a 1993 advisory opinion, the Office of the Attorney General concluded that a school board "has the authority to adopt an 'ordinance,' that is, take official legislative action of a general and permanent nature . . . ." Fla. Att'y Gen. Op. 93-43 (1993). The Attorney General reasoned in part that "ordinance" "has been generally defined as a 'rule established by authority; a permanent rule of action,' or as 'an authoritative decree or direction . . . a public enactment, rule, or law.'" Id. (internal citations omitted). Indeed, section 166.041, Florida Statutes (2011), which governs municipalities, defines "ordinance" as "an official legislative action of a governing body, which action is a regulation of a general and permanent nature and enforceable as a local law." School boards are authorized to take such legislative type actions "for the more orderly and efficient operation of the district school system." Fla. Att'y Gen. Op. 93-43.

Based on the foregoing authorities, we agree with the trial court that the school board policy Appellee had adopted qualifies as an ordinance under section

3

112.3187(8)(b), which specifically defines "local governmental authority" to include school districts.  Therefore, we affirm the final summary judgment.

AFFIRMED.

LEWIS, OSTERHAUS, and KELSEY, JJ., CONCUR.